## BEACH *vs.* BEACH.

Where the wife files a bill against her husband for a divorce, on the ground of adultery, containing a prayer for relief which is adapted only to a charge of adultery, the bill is not rendered multifarious by the insertion therein of charges of unkind treatment, or cruel usage.

Upon a general demurrer to the whole bill, the defendant cannot raise the objection that some of the allegations and charges in the bill are unnecessary and impertinent.

THIS case came before the chancellor upon appeal from a decretal order of the vice chancellor of the first circuit. The complainant filed her bill against her husband for a divorce, charging him with having committed adultery with eight *different females.* The bill also charged the defendant with various acts of unkindness and cruel treatment, while she continued to live with him, caused by the communication to him of her suspicions of his infidelity, and her remonstrances with him on account of his misconduct. The bill, however, contained no prayer for relief by a separation from bed and board, on account of such cruel usage; but merely contained the usual prayer for a dissolution of the marriage contract, and for alimony; and for the custody of the younger children of the marriage, and a provision for their support; that a receiver might be appointed; *and* that the complainant might have such other *and further relief* in the premises as to the chancellor might seem meet. The defendant demurred to the bill on the ground of multifariousness. The vice chancellor overruled the demurrer; and from the decretal order overruling the same the defendant appealed.

*C. O'Conor*, for the appellant.

*J. Anthon*, for the respondent.

THE CHANCELLOR. The counsel for the appellant is under a mistake in supposing that upon this bill the complainant

would be entitled to a decree of separation from bed and board, in case she should fail to establish any of the acts of adultery charged against the defendant. Upon a bill properly framed, the acts of cruel treatment, stated by the complainant, would, perhaps, be sufficient to warrant a decree of separation. But it is evident from this bill that there was no intention, on the part of the complainant, to make these charges of unkind treatment and cruel usage on the part of her husband a distinct ground for relief, independent of the charges of adultery. On the contrary, they appear to have been inserted merely as evidences of his infidelity to the marriage bed ; the necessary result of which infidelity would be a loss of conjugal affection for the complainant. The insertion of these charges in the bill was probably unnecessary, and perhaps entirely useless. For at most, they could only be received as corroborative evidence of the charge of adultery. And as the statute allows the defendant to put in his answer to the charge of adultery without oath, he cannot be compelled to make a discovery, upon oath, of any fact which might tend to prove the principal charges in the complainant's bill. In the case of *Smith* v. *Smith*, (4 *Paige's Rep.* 92,) the cruel treatment was made a distinct subject of complaint; and a decree of separation was expressly prayed for, if the complainant did not succeed in obtaining an absolute divorce on the ground of adultery. Here, however, the only specific prayer of relief is founded upon the alleged adultery, and the general prayer is not in the disjunctive, but for such other and further relief as may be proper and consistent with the specific prayer for a dissolution of the marriage contract. Under this prayer, if the complainant fails in obtaining a decree for an absolute divorce, for the adultery of the husband, her bill must of course be dismissed. For no relief whatever can be given to her under any other part of the specific or general prayer for relief, if the charges of adultery, upon which the whole prayer is based, are not sustained. (*Colton* v. *Ross*, 2 *Paige's Rep.* 396.)

The demurrer is based upon the supposition that this is a bill for separation from bed and board, on account of cruel usage, as well as for a divorce for adultery ; and that the bill is therefore

multifarious.   But as that objection fails, the defendant cannot, upon a demurrer to the whole bill, insist that some of the allegations of the complainant are unnecessary or impertinent. The decision of the vice chancellor was therefore correct.   And the decretal order overruling the demurrer must be affirmed with costs.(a)

(a) See *Rose* v. *Rose*, (*post*, 166.)